## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FAISAL SHABBIR, Individually and on Behalf of All Others Similarly Situated, known and unknown, | Civil Case No.: |
| Plaintiff, | **Honorable Judge** |
| vs. | **Magistrate Judge** |
| K2 XPRESS DELIVERY, LLC and ANDREAS RINALDO MAKAPEDUA, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff, FAISAL SHABBIR, individually and on behalf of all others similarly situated, known and unknown, by and through his counsel, JTB LAW GROUP, LLC, alleges upon knowledge to himself and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action, individually and as a collective action on behalf of all others similarly situated, against Defendants, K2 XPRESS DELIVERY, LLC and ANDREAS RINALDO MAKAPEDUA (collectively "Defendants") to recover unpaid minimum wage and/or overtime, liquidated damages, pre and post-judgment interest, costs and reasonable attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and Title 29 of the Code of Federal Regulations.

2.     Plaintiff also brings this action, individually and as a Rule 23 class action on behalf of all others similarly situated, against Defendants to recover unpaid minimum wage and/or overtime, 2% monthly statutory interest, costs and reasonable attorney's fees under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1, *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1, *et seq.*

3.     Specifically, this collective/class action is brought in connection with Defendants' violations of their statutory obligations to pay their non-exempt employees minimum wage for each hour worked and overtime compensation at a wage rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) hours in any workweek.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the FLSA, 29 U.S.C. § 201, *et seq.*, a federal statute.

5.     This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. §1367, over the claims brought herein under the laws of the state of Illinois.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

7.     Defendant, K2 XPRESS DELIVERY, LLC, is a corporation created and existing under and by virtue of the laws of the State of Illinois, and maintains its principle office at 3306 W. 37th Place, Chicago, IL 60632, according to the corporation search result from the Illinois Secretary of State website (**Exhibit A**).

8.     Upon information and belief, Defendant, ANDREAS RINALDO MAKAPEDUA, is a principal officer and shareholder of K2 XPRESS DELIVERY, LLC (**Exhibit A**).

9.     Plaintiff, FAISAL SHABBIR, is a resident of the City of Chicago, County of Cook and State of Illinois.

10.     Upon information and belief, Plaintiff was employed by Defendants to work as a delivery driver from approximately March 2014 to November 2014.

## FACTUAL ALLEGATIONS

11.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

12.     At all times material and relevant herein, Defendants were jointly the "employer" of Plaintiff and other delivery drivers within the meaning of 29 U.S.C §203(d) and 820 ILCS 105/3 (c).

13.     At all times material and relevant herein, Defendants, either directly or indirectly, hired Plaintiff and other delivery drivers; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages.

14.     During the applicable statutory period, Plaintiff and other delivery drivers performed job duties that do not fall within any exemptions from minimum and overtime wages under the FLSA, 29 U.S.C. § 201, *et seq*. and the Illinois statutes and regulations.

15.     Upon information and belief, Defendants hired Plaintiff and other delivery drivers to perform delivery services for approximately twenty-four (24) restaurants in the city of Chicago.

16.     Plaintiff and the similarly situated non-exempt employees ***were required to "pay" Defendants a fee of $5 to $10 per workday in order to work*** for Defendants to perform delivery services for the Defendants' customers.

17.     Plaintiff and other delivery drivers were required to use their own personal vehicle as tool to perform their delivery duties for the benefits of Defendants and were not compensated for their out-of-pocket gas expenses of approximately $15 to $20 per workday.

18.     For each workday, Plaintiff and other delivery drivers were required to drive their own personal vehicle to the vicinity of those restaurants and report to Defendant, ANDREAS RINALDO MAKAPEDUA, via cell phone text that they were engaged to wait for assignments.

3

19.     Defendant, ANDREAS RINALDO MAKAPEDUA, would then send text messages to Plaintiff and other delivery drivers and direct them to go to the restaurant(s) receiving food delivery orders from their own customers online or by phone.

20.     Plaintiff and other delivery drivers would drive to the specified restaurant(s), pick up the food, and deliver the food to the designated location of the restaurant's customer.

21.     Plaintiff and other delivery drivers were paid by cash $3.00 for each delivery within three (3) miles, $4.00 for each delivery over 3 miles but within 5 miles, and $5.00 for each delivery over 5 miles, plus tips if any.

22.     Plaintiff and other delivery drivers were regularly required to work more than forty (40) hours in a workweek.

23.     On multiple occasions, after paying Defendants the $5 to $10 "fee" to work and after the $15 to $20 out-of-pocket gas expenses incurred, but not reimbursed, for the benefits of Defendants' business, Plaintiff and other delivery drivers were not paid the statutorily prescribed minimum and/or overtime wages, in violation of the "free and clear" payment/"kickbacks" provision of 29 CFR 531.35 and 820 ILCS 115/9 of the IWPCA prohibiting impermissible wage deduction.

24.     Defendants failed to pay Plaintiff and other delivery drivers overtime compensation at a wage rate of one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) hours in each workweek.

25.     During the applicable statutory period, Defendants consistently and continuously enforced a uniform policy and/or practice of permitting, encouraging and/or requiring Plaintiff and other delivery drivers to work over forty (40) hours in a workweek without paying them the statutorily prescribed minimum and overtime wages.

26.     Upon information and belief, during the applicable statutory period, Defendants maintained control, oversight, and direction over Plaintiff and other delivery drivers, including the promulgation and enforcement of policies affecting the wage payment.

27.     Upon information and belief, at all times material and relevant herein, Defendants failed to post a notice explaining the minimum wage and overtime pay rights provided by FLSA in any area of their business facility where Plaintiff and other delivery drivers were employed, in violation of 29 C.F.R. §516.4.

28.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. and Illinois State Department of Labor, or any administrative practice or enforcement policy of such a department or bureau.

29.     Defendants' widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

30.     Defendants were required by law to record the hours worked by Plaintiff and other delivery drivers.  Defendants have, or should have, records sufficient to permit a calculation of the hours worked and the unpaid minimum wages and overtime underpayments for Plaintiff and other delivery drivers.

31.     At this time and prior to conducting discovery, Plaintiff and other delivery drivers do not have sufficient documents or information in their possession to calculate their total unpaid minimum and overtime wages.  Plaintiff and other deliver drivers reserve the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

32.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

33.     Plaintiff brings this collective and class action individually and on behalf of all other similarly situated delivery drivers who were/are affected by Defendants' willful and intentional violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and Title 29 of the Code of Federal Regulations, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1, *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1, *et seq.*

34.     Pursuant to 29 U.S.C. §216(b) of the FLSA, this action is maintained by the named Plaintiff, FAISAL SHABBIR, as an opt-in representative action, for and on behalf of himself and other similarly situated delivery drivers, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201, *et seq*.  The collective action seeks to recover unpaid minimum wage and/or overtime, liquidated damages, pre and post-judgment interest, costs and reasonable attorney's fees and costs.  The action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.  Plaintiff seeks to send Notice to all similarly situated delivery drivers as provided by 29 U.S.C. § 216(b) and supporting case law.

35.     Pursuant to the IMWL, 820 ILCS §105/1 *et seq.*, this action is brought by the named Plaintiff, FAISAL SHABBIR, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure for and on behalf of himself and other similarly situated delivery drivers.  The class represented by the named Plaintiff, FAISAL SHABBIR, consists of all delivery drivers employed by Defendants within three (3) years prior to the filing of this action, pursuant to 820 ILCS 105/12.  The Rule 23 class action pursuant to the IMWL, 820 ILCS §105/1, *et seq.* seeks to recover unpaid minimum wage and/or overtime, 2% monthly statutory interest, costs and reasonable attorney's fees.

6

36.    Pursuant to the IWPCA, 820 ILCS § 115/1, *et seq.*, this action is brought by the named Plaintiff, FAISAL SHABBIR,  as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure for and on behalf of himself and other similarly situated delivery drivers.  The class represented by the named Plaintiff, FAISAL SHABBIR, consists of all delivery drivers employed by Defendants within ten (10) years prior to the filing of this action, pursuant to Illinois Code of Civil Procedure 735 ILCS 5/13-206.  The Rule 23 class action pursuant to the IWPCA, 820 ILCS § 115/1, *et seq.*, seeks to recover unpaid minimum wage and/or overtime, 2% monthly statutory interest, costs and reasonable attorney's fees.

37.    The proposed Collective, pursuant to the FLSA, 29 U.S.C. §201, *et seq.* and Title 29 of the Code of Federal Regulations, is defined as follows:

> **All former and current delivery drivers working for Defendants from March 25, 2012 to present**

38.    The proposed Rule 23 Class, pursuant to the IMWL, 820 ILCS §105/1, *et seq.*, is defined as follows:

> **All former and current delivery drivers working for Defendants from March 25, 2012 to present**

39.    The proposed Rule 23 Class, pursuant to the IWPCA, 820 ILCS § 115/1, *et seq.*, is defined as follows:

> **All former and current delivery drivers working for Defendants from March 25, 2005 to present**

40.    This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The collective/class is so numerous that joinder of all members is impractical.  While the exact number and identities of putative collective/class members are unknown at this time, and

can only be ascertained through appropriate discovery, Plaintiff believes a substantial number of employees were employed by Defendants during the applicable statutory period.

41.    This litigation is properly brought as a collective/class action because of the existence of questions of fact and law common to the collective/class which predominates over any questions affecting only individual members, including:

     a.  Whether Defendants are liable to Plaintiff and members of the collective/class for violations of the FLSA and Illinois wage and hour laws;

     b.  Whether Defendants failed to pay Plaintiff and members of the collective/class the statutorily prescribed minimum wages for each hour they worked for Defendants;

     c.  Whether Plaintiff and members of the collective/class worked in excess of forty (40) hours in a workweek; and

     d.  Whether Defendants failed to pay Plaintiff and members of the collective/class overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours in the workweek in excess of forty (40).

42.    This litigation is properly brought as a collective/class action because Plaintiff's claims are typical of the claims of the members of the collective/class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein.  Like all collective/class members, Plaintiff was damaged by Defendants' system-wide policies and practices of failing to pay the statutorily prescribed minimum hourly wage and/or overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours in a work week in excess of forty (40), in violation of the FLSA and Illinois wage and hour laws.

43.    A collective/class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

     1)  Common questions of law and/or fact predominate over any individual questions

which may arise, and, accordingly, there would accrue savings to both the Court and the collective/class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

2) Despite the size of individual collective/class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis will enable this case to be litigated as a collective/class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

3) No unusual difficulties are likely to be encountered in the management of this collective/class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the collective/class.

44. Collective/Class certification is also fair and efficient because prosecution of separate actions by individual collective/class members would create a risk of differing adjudications with respect to such individual members of the collective/class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

45. Without a collective/class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action which will result in further damages to the members of the collective/class.

46. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

47.     The named Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation.  Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

48.     Plaintiff and the putative collective/class members demand a trial by jury.

**FIRST CLAIM FOR RELIEF**
**(Individual Claim for Unpaid Minimum Wage under the FLSA)**

49.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

50.     Defendants have willfully and intentionally engaged in a persistent pattern and practice of failing to pay Plaintiff the statutorily prescribed minimum wage for each hour he worked for Defendants in violation of the FLSA.

51.     The requirement of Defendants that Plaintiff pay a fee of $5 to $10 per workday to work and that Plaintiff provide his own personal vehicle to perform delivery duties for the benefits of Defendants' business without compensating Plaintiff for his out-of-pocket gas expenses of $15 to $20 per workday, thereby causing Plaintiff to be paid less than the statutorily prescribed minimum wage, was in violation of the "free and clear" payment/"kickbacks" provision of 29 CFR 531.35.

52.     Such violation was/is willful, intentional, unreasonable, arbitrary and in bad faith.

53.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

54.     As a result of the foregoing, Plaintiff was deprived of minimum wage compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, reasonable attorney's fees, costs and other compensation pursuant to  29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
### (Collective Claim for Unpaid Minimum Wage under the FLSA)

55.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

56.    Defendants have willfully and intentionally engaged in a persistent pattern and practice of failing to pay Plaintiff and the putative collective members the statutorily prescribed minimum wage for each hour they worked for Defendants, in violation of the FLSA.

57.    The requirement of Defendants that Plaintiff and the putative collective members pay a fee of $5 to $10 per workday to work and that Plaintiff and the putative collective memebrs provide their own personal vehicle to perform delivery duties for the benefits of Defendants' business without compensating them for their out-of-pocket gas expenses of $15 to $20 per workday, thereby causing Plaintiff and the putative collective members to be paid less than the statutorily prescribed minimum wage, was in violation of the  "free and clear" payment/"kickbacks" provision of 29 CFR 531.35.

58.    Such violation was/is willful, intentional, unreasonable, arbitrary and in bad faith.

59.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

60.    As a result of the foregoing, Plaintiff and the similarly situated delivery drivers were deprived of minimum wage compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, reasonable attorney's fees, costs and other compensation pursuant to  29 U.S.C § 216(b).

## THIRD CLAIM FOR RELIEF
### (Individual Claim for Unpaid Overtime under the FLSA)

61.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

11

62.    Defendants required Plaintiff to work more than forty (40) hours in a workweek.

63.    Defendants violated their statutory obligations to pay Plaintiff overtime compensation at a wage rate of one and one-half (1.5) times his regular rate of pay for hours worked in excess of forty (40) hours in each workweek.

64.    The requirement of Defendants that Plaintiff pay a fee of $5 to $10 per workday to work and that Plaintiff provide his own personal vehicle to perform delivery duties for the benefits of Defendants' business without compensating Plaintiff for his out-of-pocket gas expenses of $15 to $20 per workday, thereby resulting in overtime underpayments, was in violation of the "free and clear" payment/"kickbacks" provision of 29 CFR 531.35.

65.    Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

66.    Because Defendants willfully violated the FLSA as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

67.    As a result of Defendants' uniform policy and practice described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to  29 U.S.C § 216(b).

### FOURTH CLAIM FOR RELIEF
**(Collective Claim for Unpaid Overtime under the FLSA)**

68.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

69.    Defendants required Plaintiff and the putative collective members to work more than forty (40) hours in a workweek.

70.     Defendants violated their statutory obligations to pay Plaintiff and the putative collective members overtime compensation at a wage rate of one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) hours in each workweek.

71.     The requirement of Defendants that Plaintiff and the putative collective members pay a fee of $5 to $10 to work and that Plaintiff and the putative collective members provide their own personal vehicle to perform delivery duties for the benefits of Defendants' business without compensating them for their out-of-pocket gas expenses of $15 to $20 per workday, thereby resulting in overtime underpayments, was in violation of the "free and clear" payment/"kickbacks" provision of 29 CFR 531.35.

72.     Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

73.     Because Defendants willfully violated the FLSA as aforesaid, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

74.     As a result of Defendants' uniform policy and practice described above, Plaintiff and the putative collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**<u>FIFTH CLAIM FOR RELIEF</u>**
**(Individual Claim for Unpaid Minimum Wage under the IMWL and IWPCA)**

75.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

76.     Defendants have willfully and intentionally engaged in a persistent pattern and practice of failing to pay Plaintiff the statutorily prescribed minimum wage for each hour he worked for Defendants in violation of the IMWL and IWPCA.

77.     Such violation was/is willful, intentional, unreasonable, arbitrary and in bad faith.

78.     Pursuant to 820 ILCS 105/12, IMWL contains a three (3) year statute of limitations regardless of whether the violation was willful.

79.     Pursuant to Illinois Code of Civil Procedure 735 ILCS 5/13-206, IWPCA contains a ten (10) year statute of limitations.

80.     Pursuant 820 ILCS 105/12 of the IMWL and 820 ILCS 115/14 of the IWPCA, an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for statutory damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

81.     As a result of the foregoing, Plaintiff was deprived of minimum wage compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such unpaid wages, 2% monthly statutory interest, costs and reasonable attorney's fees pursuant to 820 ILCS 105/12.

**SIXTH CLAIM FOR RELIEF**
**(Rule 23 Class Claim for Unpaid Minimum Wage under the IMWL and IWPCA)**

82.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

83.     Defendants have willfully and intentionally engaged in a persistent pattern and practice of failing to pay Plaintiff and the putative class members the statutorily prescribed minimum wage for each hour they worked for Defendants in violation of the IMWL and IWPCA.

84.     Such violation was/is willful, intentional, unreasonable, arbitrary and in bad faith.

85.     Pursuant to 820 ILCS 105/12, IMWL contains a three (3) year statute of limitations regardless of whether the violation was willful.

86.     Pursuant to Illinois Code of Civil Procedure 735 ILCS 5/13-206, IWPCA contains a ten (10) year statute of limitations.

87.     Pursuant 820 ILCS 105/12 of the IMWL and 820 ILCS 115/14 of the IWPCA, an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for statutory damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

88.     As a result of the foregoing, Plaintiff and the putative class members were deprived of minimum wage compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such unpaid wages, 2% monthly statutory interest, costs and reasonable attorney's fees pursuant to 820 ILCS 105/12.

## SEVENTH CLAIM FOR RELIEF
### (Individual Claim for Unpaid Overtime under the IMWL and IWPCA)

89.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

90.     Defendants required Plaintiff to work more than forty (40) hours in a workweek.

91.     Defendants violated their statutory obligations to pay Plaintiff overtime compensation at a wage rate of one and one-half (1.5) times his regular rate of pay for hours worked in excess of forty (40) hours in each workweek.

92.     Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

93.     Pursuant to 820 ILCS 105/12, IMWL contains a three (3) year statute of limitations regardless of whether the violation was willful.

94.     Pursuant to Illinois Code of Civil Procedure 735 ILCS 5/13-206, IWPCA contains a ten (10) year statute of limitations.

95.     Pursuant 820 ILCS 105/12 of the IMWL and 820 ILCS 115/14 of the IWPCA, an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for statutory damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

96.     As a result of Defendants' uniform policy and practice described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such unpaid overtime, 2% monthly statutory interest, costs and reasonable attorney's fees pursuant to 820 ILCS 105/12.

### EIGHTH CLAIM FOR RELIEF
#### (Rule 23 Class Claim for Unpaid Overtime under the IMWL and IWPCA)

97.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

98.     Defendants required Plaintiff and the putative class members to work more than forty (40) hours in a workweek.

99.     Defendants violated their statutory obligations to pay Plaintiff and the putative class members overtime compensation at a wage rate of one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) hours in each workweek.

100.    Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

101.     Pursuant to 820 ILCS 105/12, IMWL contains a three (3) year statute of limitations regardless of whether the violation was willful.

102.     Pursuant to Illinois Code of Civil Procedure 735 ILCS 5/13-206, IWPCA contains a ten (10) year statute of limitations.

103.     Pursuant 820 ILCS 105/12 of the IMWL and 820 ILCS 115/14 of the IWPCA, an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for statutory damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

104.     As a result of Defendants' uniform policy and practice described above, Plaintiff and the putative class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such unpaid overtime, 2% monthly statutory interest, costs and reasonable attorney's fees pursuant to 820 ILCS 105/12.

## NINTH CLAIM FOR RELIEF
### (Individual Claim for Impermissible Deductions under the FLSA and CFR)

105.     Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

106.     Plaintiff was required to "pay" Defendants a fee of $5 to $10 per workday in order to work for Defendants to perform delivery services for the Defendants' customers.

107.     Plaintiff was required to use his own personal vehicle as tool to perform his delivery duties for the benefits of Defendants and was not compensated for his out-of-pocket gas expenses of approximately $15 to $20 per workday.

108.    Such requirement by Defendants results in Plaintiff not being paid the statutorily prescribed minimum and/or overtime wages, in violation of the FLSA and the "free and clear" payment/"kickbacks" provision of 29 CFR 531.35.

109.    As a result of the foregoing, Plaintiff was damaged in an amount to be determined at trial and is entitled to recovery of such damages and liquidated damages under the FLSA and Title 29 of the Code of Federal Regulations.

### TENTH CLAIM FOR RELIEF
**(Collective Claim for Impermissible Deductions under the FLSA and CFR)**

110.    Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

111.    Plaintiff and the putative collective members were required to "pay" Defendants a fee of $5 to $10 per workday in order to work for Defendants to perform delivery services for the Defendants' customers.

112.    Plaintiff and the putative collective drivers were required to use their own personal vehicle as tool to perform their delivery duties for the benefits of Defendants and were not compensated for their out-of-pocket gas expenses of approximately $15 to $20 per workday.

113.    Such requirement by Defendants results in Plaintiff and the putative collective members not being paid the statutorily prescribed minimum and/or overtime wages, in violation of the FLSA and the "free and clear" payment/"kickbacks" provision of 29 CFR 531.35.

114.    As a result of the foregoing, Plaintiff and the putative collective members were damaged in an amount to be determined at trial and are entitled to recovery of such damages and liquidated damages under the FLSA and Title 29 of the Code of Federal Regulations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the putative collective/class members demand declaratory, injunctive and monetary judgment and relief against Defendants, and each of them, individually, jointly and severally, as follows:

(1)     A declaratory judgment that Defendants' wage practices alleged herein violate minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516, *et seq.*;

(2)     A declaratory judgment that Defendants' wage practices alleged herein violate minimum wage and overtime provisions of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1, *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1, *et seq.*;

(3)     An Order for injunctive relief ordering Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA, IMWL and IWPCA;

(4)     An Order certifying this action as a Collective Action on behalf of the FLSA Collective, designating lead Plaintiff, FAISAL SHABBIR, as the Collective representative and the undersigned counsel as Collective Counsel, and approving issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

(5)     An Order certifying this action as a Class Action on behalf of the Rule 23 Class, and designating lead Plaintiff, FAISAL SHABBIR, as the Class representative and the undersigned counsel as Class Counsel;

(6)     An Order directing Defendants, at their own expense, to investigate and account for the number of overtime hours actually worked by Plaintiff and all collective/class members;

(7)     Judgment for unpaid minimum wage to which Plaintiff and members of the Collective are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. §516, *et seq.*;

(8)     Judgment for unpaid overtime to which Plaintiff and members of the Collective are lawfully entitled pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. §516, *et seq.*;

(9)     Judgment for unpaid minimum wage to which Plaintiff and members of the Class are lawfully entitled pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1, *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1, *et seq.*;

(10)    Judgment for unpaid overtime to which Plaintiff and members of the Class are lawfully entitled pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1, *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1, *et seq.*;

(11)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.* and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and members of the Collective during the applicable statutory period;

(12)    Judgment for state statutory damages of 2% of the amount of any unpaid minimum wage and overtime compensation for each month following the date of payment during which such underpayments remain unpaid, pursuant to 820 ILCS 105/12;

(13)    An Order directing Defendants to pay Plaintiff and members of the Collective pre and post-judgment interest, reasonable attorney's fees and all costs connected with this action pursuant to the Fair Labor Standard Act, 29 U.S.C. §201, *et seq.*;

(14)    An Order directing Defendants to pay Plaintiff and members of the Class reasonable attorney's fees and all costs connected with this action pursuant to 820 ILCS 105/12;

(15)     Judgment for any and all civil penalties to which Plaintiff and the Collective/Class members may be entitled;

(16)     An Order directing Defendants to pay incentive awards for the lead Plaintiff, FAISAL SHABBIR;

(17)     Leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court;

(18)     An Order granting equitable tolling for the Collective effective as of the date of the filing of the instant Complaint; and

(19)     Such other and further relief as to this Court may deem necessary, just and proper.

Dated: March 25, 2015

Respectfully submitted,

*Electronically Filed*

**/s/ Jason T. Brown**
Jason T. Brown
**JTB LAW GROUP, LLC**
jtb@jtblawgroup.com
155 2nd Street, Suite 4
Jersey City, New Jersey 07302
Tel: (201) 630-0000
Fax: (855) 582-5297

*Attorneys for Plaintiff*